WO

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Incentive Connection Travel, Inc., et al., | No. CV-06-1698-PHX-FJM |
| Plaintiffs, | **ORDER** |
| vs. | |
| 1st-Air.Net Inc., et al., | |
| Defendants. | |

The court has before it plaintiffs' "Application to Confirm Arbitration Award" ("Application") (doc. 1), their "Reply in Support of Application to Confirm Arbitration Award" (doc. 4) and their "Request for Entry of Judgment" (doc. 13).

I.

On May 11, 2004, plaintiff Incentive Connection Travel ("Incentive") and defendant 1st-Air.Net entered into a "Travel Services" contract by which Incentive agreed to provide 1st-Air.Net with office services, and to process domestic and international airline tickets on 1st-Air.Net's behalf. Application at 2. On August 25, 2004 defendant 1st-Air.Net brought a demand before the American Arbitration Association, alleging that plaintiff Incentive engaged in breach of contract and trade libel. Application, Philip B. Whitaker Declaration ("Whitaker Declaration") Exhibit E at 3, 4. On April 26, 2006, the parties entered into a settlement agreement through which they agreed that only one issue, attorneys' fees, would

1  be submitted for arbitration.   "Arbitration Award" Exhibit A at 2, Whitaker Declaration
2  Exhibit C. That same settlement agreement established that if attorneys' fees were awarded,
3  any party could move to have the award confirmed in court if it remained unpaid 30 days
4  after the date of the final award. Id. On June 5, 2006, an arbitrator awarded plaintiffs
5  $126,400, Whitaker Declaration Exhibit C at 3, which defendants have yet to pay.
6  Application at 5.

7                                             II.

8      The Federal Arbitration Act, 9 U.S.C. §§ 1-14, provides that a court must grant an
9  application to confirm an arbitration award brought within one year after the award is made
10 so long as the parties who arbitrated the dispute agreed that a court would be able to enter
11 judgment upon the arbitration award, and that the court with the ability to do so was
12 specified, "unless the award is vacated, modified, or corrected as prescribed in sections 10
13 and 11 of this title [9 U.S.C. §§ 10, 11]." 9 U.S.C. § 9. However, the Arbitration Act itself
14 is not a grant of jurisdiction; therefore, a district court may confirm arbitration awards
15 brought under 9 U.S.C. § 9 so long as there is an independent jurisdictional basis. General
16 Atomic Co. v. United Nuclear Corp., 655 F.2d 968, 970 (9th Cir. 1981). For the purposes
17 of diversity jurisdiction, the amount in controversy is the amount at stake in the underlying
18 arbitration dispute, and not the amount of the arbitration award. See Theis Research, Inc. v.
19 Brown & Bain, 386 F.3d 1180, 1181 (9th Cir. 2004).

20     Plaintiffs brought their application to confirm the arbitration award on July 7, 2006,
21 within one year of the June 5, 2006 award. The parties' original agreement provides that "any
22 controversies or claim arising out of, or relating to this agreement . . . shall be settled by
23 arbitration in Phoenix, Arizona in accordance with the Rules of the American Arbitration
24 Association then existing, and judgment on the arbitration award may be entered in any court
25 having jurisdiction over the subject matter of the controversy," and therefore satisfies the
26 remaining elements of 9 U.S.C. § 9. Whitaker Declaration Exhibit A.

Furthermore, plaintiffs are citizens of Arizona, whereas defendant 1st-Air.Net is a Delaware corporation with its principal place of business in New York, and the remaining defendants are citizens of New York. See Application at 3. In its arbitration demand, 1st-Air.Net alleged asked for $500,000 in damages. "Claim Summary," Whitaker Declaration, Exhibit D. Therefore, we have an independent jurisdictional basis pursuant to 28 U.S.C. §§ 1332(a)(1), (c).

Having found that we have jurisdiction to confirm the arbitration award and that 9 U.S.C. § 9's requirements are met, we grant plaintiffs' application.

We also grant plaintiffs' application on alternative grounds. We treat plaintiffs' application as a motion, see 9 U.S.C. § 6, to which defendants have failed to file respond, and deem that failure as a consent to the granting of the motion. See LRCiv 7.2(i).

For these reasons, **IT IS ORDERED GRANTING** plaintiffs' application (doc. 1), GRANTING Plaintiff's "Request for Entry of Judgment" (doc. 13), and **CONFIRMING** the award of $126,400.

DATED this 27th day of December, 2006.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge