**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Incentive Connection Travel, Inc., et al., ) | No. CV-06-1698-PHX-FJM |
| ) | |
| Plaintiffs, ) | **ORDER** |
| ) | [Corrected for Clerical Mistakes |
| vs. ) | Under Rule 60, Fed. R. Civ. P.] |
| ) | |
| 1st-Air.Net Inc., et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

    The court has before it plaintiffs' "Application to Confirm Arbitration Award" ("Application") (doc. 1), their "Reply in Support of Application to Confirm Arbitration Award" (doc. 4) and their "Request for Entry of Judgment" (doc. 13).

I.

    On May 11, 2004, plaintiff Incentive Connection Travel ("Incentive") and defendant 1st-Air.Net entered into a "Travel Services" contract by which Incentive agreed to provide 1st-Air.Net with office services, and to process domestic and international airline tickets on 1st-Air.Net's behalf. Application at 2. On August 25, 2004 defendant 1st-Air.Net brought a demand before the American Arbitration Association, alleging that plaintiff Incentive engaged in breach of contract and trade libel. Application, Philip B. Whitaker Declaration ("Whitaker Declaration") Exhibit E at 3, 4. On April 26, 2006, the parties entered into a settlement agreement through which they agreed that only one issue, attorneys' fees, would

be submitted for arbitration.   "Arbitration Award" Exhibit A at 2, <u>Whitaker Declaration Exhibit C</u>. That same settlement agreement established that if attorneys' fees were awarded, any party could move to have the award confirmed in court if it remained unpaid 30 days after the date of the final award. <u>Id.</u> On June 5, 2006, an arbitrator awarded plaintiffs $126,400, <u>Whitaker Declaration</u> <u>Exhibit C</u> at 3, which defendants have yet to pay. <u>Application</u> at 5.

## II.

The Federal Arbitration Act, 9 U.S.C. §§ 1-14, provides that a court must grant an application to confirm an arbitration award brought within one year after the award is made so long as the parties who arbitrated the dispute agreed that a court would be able to enter judgment upon the arbitration award, and that the court with the ability to do so was specified, "unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title [9 U.S.C. §§ 10, 11]." 9 U.S.C. § 9. However, the Arbitration Act itself is not a grant of jurisdiction; therefore, a district court may confirm arbitration awards brought under 9 U.S.C. § 9 so long as there is an independent jurisdictional basis. <u>General Atomic Co. v. United Nuclear Corp.</u>, 655 F.2d 968, 970 (9th Cir. 1981). For the purposes of diversity jurisdiction, the amount in controversy is the amount at stake in the underlying arbitration dispute, and not the amount of the arbitration award. <u>See</u> <u>Theis Research, Inc. v. Brown & Bain</u>, 386 F.3d 1180, 1181 (9th Cir. 2004).

Plaintiffs brought their application to confirm the arbitration award on July 7, 2006, within one year of the June 5, 2006 award. The parties' original agreement provides that "any controversies or claim arising out of, or relating to this agreement . . . shall be settled by arbitration in Phoenix, Arizona in accordance with the Rules of the American Arbitration Association then existing, and judgment on the arbitration award may be entered in any court having jurisdiction over the subject matter of the controversy," and therefore satisfies the remaining elements of 9 U.S.C. § 9. <u>Whitaker Declaration</u> <u>Exhibit A</u>.

Furthermore, plaintiffs are citizens of Arizona, whereas defendant 1st-Air.Net is a Delaware corporation with its principal place of business in New York, and the remaining

1 defendants are citizens of New York. <u>See</u> <u>Application</u> at 3. In its arbitration demand, 1st-
2 Air.Net asked for $500,000 in damages. "Claim Summary," <u>Whitaker Declaration</u>, <u>Exhibit</u>
3 <u>D</u>. Therefore, we have an independent jurisdictional basis pursuant to 28 U.S.C. §§
4 1332(a)(1), (c).

5     Having found that we have jurisdiction to confirm the arbitration award and that 9
6 U.S.C. § 9's requirements are met, we grant plaintiffs' application.

7     We also grant plaintiffs' application on alternative grounds. We treat plaintiffs'
8 application as a motion, <u>see</u> 9 U.S.C. § 6, to which defendants have failed to respond, and
9 deem that failure to reply as a consent to the granting of the motion. <u>See</u> LRCiv 7.2(i).

10     For these reasons, **IT IS ORDERED GRANTING** plaintiffs' application (doc. 1) and
11 **CONFIRMING** the award of $126,400.

12     **DATED this 15th day of August, 2007, *nunc pro tunc* to December 27, 2006.**

*[signature: Frederick J. Martone]*

Frederick J. Martone
United States District Judge